UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEWTON L. FIDER JR.,

Plaintiff,

-against-

EQUINOX HOLDINGS, INC.; ROB AVELLAN; ALEX HAYNES; AL KOHART,

Defendants.

26-CV-7454 (JLR)

ORDER OF SERVICE

JENNIFER L. ROCHON, United States District Judge:

Plaintiff brings this *pro se* action alleging that his employer discriminated against him on the basis of his race and disability in violation of 42 U.S.C. § 1981 and New York State law, including the New York State and City Human Rights Laws. He also asserts claims under the Family and Medical Leave Act of 1996. The Court construes the amended complaint as also asserting claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and claims of disability discrimination under the Americans with Disabilities Act of 1990.[1] By order dated September 16, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

[1] Plaintiff filed the original complaint commencing this action on August 26, 2026. ECF 1. On September 16, 2026, without direction from the court, Plaintiff filed an amended complaint. ECF 8. The amended complaint is the operative pleading.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Equinox Holdings, Inc., Rob Avellan, Alex Haynes, and Al Kohart through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: October 16, 2026
New York, New York

JENNIFER L. ROCHON
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Equinox Holdings, Inc.
   31 Hudson Yards, 15th Floor
   New York, NY 10001

2. Rob Avellan
   Equinox Holdings, Inc.
   160 Columbus Avenue
   New York, NY 10023

3. Alex Haynes
   Equinox Holdings, Inc.
   10 Columbus Circle
   New York, NY 10019

4. Al Kohart
   Equinox Holdings, Inc.
   31 Hudson Yards, 15th Floor
   New York, NY 10001